UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ADRIAN HOWELL
(ADC#096120)                                                                                             PLAINTIFF

      v.                              Civil No.: 6:14-CV-06007-BAB

SERGEANT DONALD ANGSLEY and
CORPORAL ANDREW GOODMAN

                                                                                               DEFENDANTS

**MEMORANDUM OPINION**

      This is a civil rights action filed by Adrian Howell, pursuant to the provisions of 42 U.S.C. § 1983.

      Currently before the Court is Defendants' Motion for Partial Summary Judgment. ECF No. 14.

      The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 11. Pursuant to this authority, the Court finds this Motion is ready for decision and issues this memorandum opinion.

**I.    BACKGROUND**

      The events that are the subject of this lawsuit occurred while Plaintiff was incarcerated in the Garland County Detention Center ("GCDC") in Hot Springs, Arkansas. Plaintiff filed this Complaint on January 24, 2015. ECF No. 1. Plaintiff alleges his constitutional rights were violated when he was beaten by Defendants on the way back to his cell after a meeting with his attorney. He alleges he was wrestled to the floor, kicked and punched, and then picked up by his chain and thrown

1

against the wall. During the beating, he was "hog-tied" in handcuffs and shackles. He alleges there was no provocation on his part to trigger the beating. ECF No. 1. Plaintiff brought this action against Defendants in both their official and individual capacities. ECF. Nos. 1.

Defendants filed their Motion for Partial Summary Judgment on October 17, 2014. ECF No. 14.

Plaintiff responded on his own and through the use of a questionnaire from the Court. ECF Nos. 21, 26, 38.

**II.    LEGAL STANDARD**

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for

2

summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III.   DISCUSSION

Defendants argue the official capacity claims against them should be dismissed because Plaintiff has not alleged any custom or policy of Garland County which resulted in a violation of his constitutional rights. ECF No. 15, p. 3.

Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d 907, 914 (8th Cir.1998). "[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights. *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997).

Defendants correctly noted Plaintiff's failure to include any allegations of Garland County customs or policies in his Complaint. However, in his Response using the questionnaire posed by the Court, Plaintiff alleged it was the "policy/practice of defendants in deleting recorded violations

3

and illegal actions of officers and themselves." He alleges this is why Defendants have not produced video of the alleged beating as he has requested in discovery and a Motion to Compel. ECF No. 38. In responding to the Motion to Compel, Defendants stated no such video or video log exists; instead, there were monitors and cameras in place, but "deputies were not able to record." ECF No. 32-1, 35. In his Motion to Compel, Plaintiff states other officers told him it was recorded, and those officers had seen the video more than once. ECF No. 31. Defendants did not provide any evidence of the normal recording practices and camera locations of GCDC, or any evidence the cameras or monitors in question were nonfunctional.

Taking Plaintiff's allegations as true, genuine issues of material fact remain as to Plaintiff's official capacity claim against Defendants.

IV. **CONCLUSION**

For the reasons stated, Defendants' Partial Motion for Summary Judgment (ECF No. 14) is **DENIED**.

**IT IS SO ORDERED this 18th day of August 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE