IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ADRIAN D. HOWELL                                                                         PLAINTIFF

V.                                       CIVIL NO. 6:14-CV-06007

SGT. DONALD ANGSLEY and
CPL. ANDREW GOODMAN                                                          DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Adrian D. Howell originally filed this case *pro se* pursuant to 42 U.S.C. § 1983 on January 24, 2014.  ECF No. 1.  Now before the Court are Plaintiff's failures to comply with the Court's orders and prosecute this matter.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 11.  Pursuant to this authority, the Court issues this order.

### I.   BACKGROUND

On February 26, 2016, Plaintiff filed a notice of address change, indicating his correct address was at the Pulaski County Detention Center.  ECF No. 49.  On May 2, 2016, mail sent to this address was returned as undeliverable mail.  On May 2, 2016, the Court entered an Order changing Plaintiff's address to 126 Noles Street, Hot Springs, Arkansas.  Because Plaintiff was no longer incarcerated, the Court entered an Order on May 3, 2016, directing Plaintiff to indicate if he planned to appear in Hot Springs on May 19, 2016 for his scheduled bench trial.  Plaintiff was also directed to provide a cell phone number where he could be reached on the day of the

1

trial. Plaintiff was directed to respond by May 13, 2016 with this information, and was offered the option of phoning in his response to the Court. ECF No. 54. Neither Order was returned as undeliverable mail. Plaintiff did not respond.

On May 13, 2016, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to comply with the Court's Order. The Court gave Plaintiff until May 27, 2016, to respond to the Show Cause Order. ECF No. 55. Plaintiff failed to do so, and the Order to Show Cause was not returned to the Court as undeliverable mail.

Plaintiff has not filed any document with the Court or attempted to communicate with the Court in any way since February 26, 2016. In addition, mail has been returned as undeliverable three times from three different addresses during the pendency of this case.[1]

## II.   APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate

---

[1] On October 28, 2014 from the Garland County Detention Center; on December 7, 2015 from the ADC Tucker Unit, indicating he had been paroled (ECF No. 41); and on February 16,

dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

**III.   DISCUSSION**

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with the Court's Order to Show Cause. Plaintiff has also failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be and hereby is **DISMISSED WITH PREJUDICE** for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

---

2016 from the Western Tennessee Detention Center.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITH PREJUDICE** on the grounds that Plaintiff has failed to comply with the Local Rules and the Court's Orders.

**IT IS SO ORDERED** this 14th day of June 2016.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE
